■ In the Matter of the Probate of the Will of CONSTANCE POTENZA, Also Known as CONSTANCE P. ALESSANDRELLO, Deceased. ATTILIO MERCANTINI, as Coexecutor of CONSTANCE POTENZA, Deceased, Appellant; PETER ALESSANDRELLO et al., Respondents.— In a probate proceeding the coexecutor and legatee named in the will and in the codicil offered for probate appeals from an order of the Surrogate's Court, Queens County, denying his application, after a second hearing, to dismiss the objections of respondent Alessandrello as the alleged husband and surviving spouse of the decedent and also as sole legatee and sole executor under a claimed prior unrevoked will of the decedent. Order reversed, with one bill of $10 costs and disbursements to appellant and respondent Jacobs, payable out of the estate, and matter remitted to the Surrogate's Court for further proceedings not inconsistent herewith. But for the technical failure on appellant's part to offer into evidence a valid translation of Giovanna Alessandrello's answers to interrogatories returned from Tripoli and an authenticated copy of the marriage certificate, issued in Vittoria, Sicily, it is our view that appellant would have made out a prima facie case which would have entitled him to an order dismissing the objections on the ground that respondent Alessandrello was not the decedent's lawful spouse. From said respondent's testimony, it was evident that he was born in Vittoria, that Giovanna Alessandrello was his wife, and that such marriage had never been terminated. The deposition of the granddaughter, Rosita Brooks, and the testimony of Mary Fortini, the daughter of Giovanna Alessandrello and respondent, and of appellant's attorney as well as the photographs, if coupled with the deposition and marriage certificate mentioned, would have sufficed to show a prior valid marriage without termination, with both spouses thereto alive on August 8, 1953, when said respondent married decedent. No

issue of legitimacy of children is here involved. In our opinion, a new hearing should be had in the interests of justice. At such hearing all prior testimony heretofore received should be deemed in evidence without further submission thereof anew, appellant should have the opportunity to produce and offer in evidence a valid translation of the deposition and an authenticated copy of the marriage certificate issued in Vittoria, if so advised. Evidence in rebuttal of the foregoing may be presented by respondent Alessandrello, if he be so advised. Otherwise he may be found in the position of a party to an action who, knowing the truth of the matter in issue and having proof relevant thereto in his possession, fails to speak and invites the indulgence against him of every inference warranted by the evidence offered by his adversary (*Isquith* v. *Isquith*, 229 App. Div. 555, 557). Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.